Decree affirmed and appeal dismissed, at the costs of the appellants.

---

## Appeal of George Singer, Jr., et al. in Thomas A. Mellon et al., Appellees, *v.* Alexander Dempster, Admr., et al.

Liens against lands are not devested by a tax sale of the lands. The purchaser at such sale acquires but an inchoate title which cannot affect the title of the owner nor devest the liens against the land owned by him until after the time limited by the act for redemption has passed.

If, before the time for redemption of the land has passed, the owner redeems, neither his own status nor that of his creditors is affected by the tax sale.

(Argued November 15, 1886. Decided January 3, 1887.)

October Term, 1886, No. 251, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas No. 1 of Allegheny County overruling exceptions to a special return of the sheriff distributing the proceeds of a sale. Affirmed.

The facts as they appeared before the court below were as follows:

January 14, 1875, Thomas A. and James R. Mellon, the appellees in this case, recovered a judgment of $11,500 against one Beatty, who at the time was owner of certain real estate in Pittsburgh. Thereafter, and on December 11, 1875, Beatty conveyed the property to one Samuel K. Schwenk, who, on March 21, 1876, conveyed it to Aaron K. Schwenk and wife, who, October 30, 1878, conveyed it to James S. Negley, Jr.

January 30, 1879, the delinquent tax collector filed a claim for the taxes of 1877 in the common pleas No. 1, of Allegheny county against Samuel K. Schwenk, owner or reputed owner, or

NOTE.—A tax sale devests the land of all liens, unless there be a redemption within the statutory period. The acts of 1867 and 1893 passed for the preservation of the lien of mortgage, expressly except from their operation sales of unseated land for taxes. And it has been held that such an encumbrance on seated land is subject to the act of April 29, 1844, providing for the collection of delinquent taxes. Pottsville Lumber Co. v. Wells, 157 Pa. 5, 27 Atl. 408. The lien creditor can protect himself by redeeming the land, such privilege being conferred by the acts of April 14, 1840 and May 15, 1874.

whoever may be the owner. On this claim a sci. fa. was issued and duly prosecuted to judgment, and on May 14, 1879, a writ of levari facias was issued thereon and the property was duly sold by the sheriff to James Fuller, to whom the deed was made.

May 27, 1880, Negley, who was at the time of the sheriff's sale the owner of the premises, presented his petition to the court, for an order on the purchaser to reconvey to him on the payment of the amount of his bid and 10 per cent thereon and costs and expenses, under § 12 of the act of March 22, 1877.

The court after hearing made the order prayed for, and on June 19, 1880, the purchaser by deed of that date reconveyed the property to Negley, who has since continued to hold it.

July 5, 1884, George Singer, Jr., recovered judgment against Negley for $1,297.29. September 17, 1884, Negley mortgaged the property to William Vankirk to secure the payment of $2,000.

Beatty, the original owner, died in 1876, after the title to the property had become vested in Aaron K. Schwenk. July 29, 1880, more than five years after the entry of the original judgment but less than five years after Beatty's death, the Mellons issued a sci. fa. to revive and continue the lien of their judgment of January 14, 1875. Negley as terretenant was made party defendant, and defended the action, but on April 6, 1885, judgment was rendered against him for $7,396.74. An alias sci. fa. was issued on this judgment, on which judgment was entered October 20, 1885, and an execution was issued thereon and the property sold by the sheriff for $3,100.

After paying taxes and costs the sheriff awarded the balance of the fund to the Mellons' judgment and George Singer, Jr., a judgment creditor, and William Vankirk, mortgagee of Negley, filed exceptions. The court, after hearing of argument, overruled the exceptions and confirmed the special return of the sheriff; whereupon the exceptants appealed, assigning, *inter alia,* such action of the court as error.

*Geo. W. Guthrie, L. M. Plumer,* and *T. C. Lazear,* for appellants.—The lien of the Mellons' original judgment was devested by the sheriff's sale on the tax claim; and on the reconveyance by the purchaser to Negley the latter acquired a new title discharged of all previous liens. Fager v. Campbell, 5 Watts, 287; Irwin v. Trego, 22 Pa. 368; Huzzard v. Trego, 35 Pa. 9.

After the purchase on the sale for taxes the purchaser held the title of the land. The only right therein of the former owner was the right to redeem from the sale. The judgment of the Mellons could not be a lien upon such right, as a judgment is only a lien upon real estate. Davis's Appeal, 83 Pa. 354; Allison v. Wilson, 13 Serg. & R. 330; Morrow v. Brenizer, 2 Rawle, 185; Willing v. Peters, 7 Pa. 287.

Prior to the act of 1848 this court frequently decided that a married woman's choses in action could not be attached by her husband's creditors; that the husband's right to reduce such choses in action to possession, and convert them to his own use, was a personal privilege, which he could not be compelled to exercise for the benefit of his creditors. Dennison v. Nigh, 2 Watts, 90; Skinner's Appeal, 5 Pa. 262; Gochenaur's Estate, 23 Pa. 460; Donnelly's Estate, 2 Phila. 51.

The question whether a lien is devested by a judicial sale is determined at the time of the sale. The policy of this rule is to give notice to encumbrancers of what liens are devested, and to purchasers what liens are preserved. Clarke v. Stanley, 10 Pa. 474.

Fuller, the purchaser, unquestionably took the land discharged of the lien of appellees' judgment. Fager v. Campbell, 5 Watts, 287; Strauch v. Shoemaker, 1 Watts & S. 175.

The sale as between purchaser and the real owner only can be treated as defeasible. As against everybody else it has all the qualities of an absolute conveyance; all that the law could do for the purchaser has been done, and by receiving a deed from the sheriff he is to be treated as the absolute owner of the land. Leidy v. Proctor, 97 Pa. 489.

*J. S. Strickler,* for appellees.—This act of 1877, as relates to title and redemption, is substantially the same as all the numerous acts on the subject since 1851; and it has been decided again and again that the effect of such redemption is to discharge the tax sale. Phillips v. Zerbe Run & S. Improv. Co. 25 Pa. 56.

In the case *supra,* the court says: "The effect of the redemption, by Bellas, on the *cestui que trust* in this case was to restore all parties to their rights as if no such sale had ever been made."

In Coxe v. Sartwell, 21 Pa. 480, and Gault's Appeal, 33 Pa. 94, the court says such sales leave the owner an euqity of redemption, and his grantee can redeem, and such redemption is not

defeated by a conveyance from the purchaser at the tax sale. The grantee of such purchaser takes a defeasible title liable to be defeated by a redemption within the period prescribed by the statute.

When the county becomes the purchaser at a tax sale, it acquires a title which is at first defeasible but at last absolute, if not redeemed. Steiner v. Coxe, 4 Pa. 25.

The redemption here avoided the treasurer's deed, and left the title of the parties as they respectively stood before the sale. Shearer v. Woodburn, 10 Pa. 513.

The title of the owner was not broken off by the tax sale and a new one acquired by redemption. "After lapse of two years there is no title in the original owner which is the subject of a sheriff's sale." Church v. Riddle, 6 Watts & S. 509; Coxe v. Wolcott, 27 Pa. 154.

But a deed or release by the sheriff's vendee to the former owner, after the two years have expired, is a new grant. Lightner v. Mooney, 10 Watts, 412.

PER CURIAM:

The liens against the property of Negley were not devested by the tax sale. The purchaser at that sale acquired but an inchoate title, and it could not affect the title of Negley or devest the liens against the land owned by him until after the time limited by the act for redemption had passed. But before that time Negley redeemed; hence, neither his own status nor that of his creditors was in the slightest degree affected by the tax sale.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.